CITY OF WAUWATOSA, Plaintiff-Respondent,

v.

Ricky K. COLLETT, Defendant-Appellant.†

Court of Appeals

*No. 80–304. Submitted on briefs October 15, 1980.—*
*Decided November 17, 1980.*
(Also reported in 299 N.W.2d 620.)

For the defendant-appellant the cause was submitted on the brief of *Turner & Pogodzinski,* with *Jerome F. Pogodzinski,* of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *George R. Schimmel,* special assistant city attorney, of Wauwatosa.

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J. Ricky K. Collett (Collett) was convicted of speeding in violation of a Wauwatosa ordinance incorporating sec. 346.57 (5), Stats. Collett was issued a citation after a Wauwatosa police officer clocked his vehicle with stationary radar.

---

† Petition to review denied.

The sole issue on this appeal is whether the evidence adduced at trial was insufficient for failure of the city to meet the criteria of *State v. Hanson*[1] regarding proof of radar accuracy. We determine that the criteria set forth in *Hanson* do not apply to stationary radar, and we therefore affirm.

In *Hanson* five criteria were set forth which, if satisfied, would give rise to a *prima facie* presumption of the accuracy of a moving radar unit, sufficient to support a speeding conviction.[2] In explaining the need for criteria to prove the accuracy of moving radar, the supreme court noted several features of moving radar which are not true of stationary radar:[3] (1) moving radar is a "relatively recent innovation"; (2) moving radar involves the emission of two frequency beams (one to measure the speed of the moving patrol car and the other to measure the speed of the moving oncoming car) as compared to the one frequency beam involved in stationary radar; and (3) only one jurisdiction (Ohio) has permitted the taking of judicial notice as to the reliability and accuracy of moving radar. Further, the court in *Hanson* was particularly impressed by the fact that there was conflicting expert testimony as to the accuracy of moving radar.[4]

In light of the unique characteristics of moving radar noted above and the supreme court's express statement in *Hanson* that the criteria set forth therein apply to "moving radar,"[5] we determine that the criteria of the *Hanson* case do not apply to stationary radar. Where stationary units are involved, a presumption of accuracy automatically arises:

[1] 85 Wis.2d 233, 270 N.W.2d 212 (1978).
[2] *Id.* at 245, 270 N.W.2d at 218.
[3] *Id.* at 239–40, 270 N.W.2d at 215–16.
[4] *Id.* at 241–43, 270 N.W.2d at 217–18.
[5] *Id.* at 245, 270 N.W.2d at 218.

[T]ests by recognized methods need not be proved for reliability in every case of violation. Examples, speedometer, breathalyzer, radar. [Citations omitted.] These methods of measurement carry a *prima facie* presumption of accuracy. Whether the test was properly conducted or the instruments used were in good working order is a matter of defense. The administration of law would be seriously frustrated if the validity of basic and everyday accepted tests had to be a matter of evidence in every case in the first instance.[6]

Hence, whether a stationary radar device was inaccurate or unreliable is a matter of defense. The state is not required to affirmatively prove accuracy and reliability.

Here the trial court correctly determined that a *prima facie* presumption of accuracy applied. The defense failed to rebut this presumption.

*By the Court.*—Judgment affirmed.

---

[6] *State v. Trailer Serv. Inc.*, 61 Wis.2d 400, 408, 212 N.W.2d 683, 688–89 (1973).