FITZPATRICK, J.[1]
¶ 1 Jeffrey Perschke appeals a judgment of conviction for operating a motor vehicle while under the influence of an intoxicant and operating a motor vehicle with a prohibited alcohol concentration. WIS. STAT. § 346.63(1)(a), (b). Perschke challenges only the reasonableness of the traffic stop that led to his conviction. I affirm.
BACKGROUND
¶ 2 Perschke was charged with operating a motor vehicle while under the influence of an intoxicant and operating a motor vehicle with a prohibited alcohol concentration. WIS. STAT. § 346.63(1)(a), (b). Perschke pled not guilty to both charges in the City of Watertown Municipal Court. The municipal court found Perschke guilty of both charges. Perschke appealed the municipal court judgment to the Jefferson County Circuit Court. See WIS. STAT. § 800.14. Perschke filed a suppression motion in the circuit court, challenging the reasonableness of the traffic stop that led to the charges. The circuit court held two hearings on the suppression motion and issued an order denying the motion. A trial was held, and the circuit court found Perschke guilty of both charges.
¶ 3 The following facts regarding the suppression motion are gleaned from the record. City of Watertown police officer Matthew Lochowitz conducted the traffic stop of Perschke on February 12, 2017. Officer Lochowitz testified that he stopped Perschke for speeding, and he relied on a stationary radar device to determine that Perschke's speed was 38 miles per hour in a 25-mile-per-hour zone. Officer Lochowitz also testified that the stationary radar device was integrated with a video device in the squad car. The video showed (and Officer Lochowitz confirmed) that, as Perschke's vehicle passed the squad car, the integrated video device displayed a zero for Perschke's vehicle's speed. However, as Officer Lochowitz began to move in pursuit of Perschke, the integrated video device displayed the squad car's speed, which eventually reached 38 miles per hour.
¶ 4 At the first hearing, Perschke's attorney argued that "if the device wasn't working properly because it's not showing on the screen, how can we say it was working properly from the officer's perspective[?]" The circuit court noted that Officer Lochowitz had testified to relying on the stationary radar device, not on the integrated video device. The circuit court rejected the notion that the failure of the integrated video device to display the target vehicle speed created a credibility issue. The circuit court went on to say that "[i]f all they had was [the video], I wouldn't give it to them [the City], but if they have the independent stuff, well then I'll look at that." The circuit court held a second hearing to elicit additional testimony from Officer Lochowitz about "qualifications to operate the equipment, what he saw, [and] what he heard."
¶ 5 At that hearing, Officer Lochowitz testified that the stationary radar device had been calibrated in September 2016. Officer Lochowitz described the process for testing the device and testified that he tested the device both before and after he stopped Perschke. The device displayed the correct testing results both times. Officer Lochowitz concluded his testimony by stating that no environmental anomalies were present when he relied on the stationary radar device, that Perschke's vehicle was the only target in the device's field, and that there was no doubt in his mind that the device showed Perschke's vehicle's speed. The circuit court found Officer Lochowitz's testimony credible and concluded that the stationary radar device was operable and in mechanically sound condition. Accordingly, the circuit court denied the suppression motion and held that reasonable suspicion existed to make the stop. This appeal followed.
DISCUSSION
¶ 6 The sole issue on appeal is whether the officer had reasonable suspicion to justify the traffic stop. Perschke argues that the evidence does not support a finding of reasonable suspicion because the stationary radar device that the officer relied on did not properly integrate with the video device in the officer's squad car. For the following reasons, I am not persuaded by Perschke's argument and affirm.
I. Standard of Review.
¶ 7 Whether an officer had reasonable suspicion "presents a question of constitutional fact, which this court reviews under a two-step analysis." State v. Miller , 2012 WI 61, ¶ 26, 341 Wis. 2d 307, 815 N.W.2d 349. "First, we review the circuit court's findings of historical fact, and uphold them unless they are clearly erroneous." State v. Williams , 2001 WI 21, ¶ 18, 241 Wis. 2d 631, 623 N.W.2d 106. Under the clearly erroneous standard, this court will not "upset the trial court's findings of historical or evidentiary fact unless they are contrary to the great weight and clear preponderance of the evidence." State v. Popke , 2009 WI 37, ¶ 20, 317 Wis. 2d 118, 765 N.W.2d 569 (quoting State v. Turner , 136 Wis. 2d 333, 343, 401 N.W.2d 827 (1987) ). "Second, we review the determination of reasonable suspicion de novo." Williams , 241 Wis. 2d 631, ¶ 18.
II. Reasonable Suspicion.
¶ 8 "[T]raffic stops must be reasonable under the circumstances." State v. Houghton , 2015 WI 79, ¶ 29, 364 Wis. 2d 234, 868 N.W.2d 143. To have reasonable suspicion to conduct a traffic stop, "[t]he officer 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the intrusion of the stop." Popke , 317 Wis. 2d 118, ¶ 23 (quoting State v. Post , 2007 WI 60, ¶ 10, 301 Wis. 2d 1, 733 N.W.2d 634 ). "The crucial question is whether the facts of the case would warrant a reasonable police officer, in light of his or her training and experience, to suspect that the individual has committed, was committing, or is about to commit a crime." Id. (quoting Post , 301 Wis. 2d 1, ¶ 13 ). "[R]easonable suspicion that a traffic law has been or is being violated is sufficient to justify" a traffic stop. Houghton , 364 Wis. 2d 234, ¶ 30.
III. The Officer Had Reasonable Suspicion That a Traffic Violation Had Occurred.
¶ 9 In the present case, the officer had the requisite level of suspicion to satisfy the constitutional reasonableness requirement. The officer relied upon a stationary radar device to determine that Perschke was driving the vehicle at 38 miles per hour in a 25-mile-per-hour zone. Accordingly, the officer had reasonable suspicion that Perschke was committing a traffic violation under WIS. STAT. § 346.57(4). Nothing more is required to justify the stop.
¶ 10 Perschke argues that the circuit court's finding that the stationary radar device worked properly is clearly erroneous. Perschke's argument, at bottom, is that, because the integrated video device did not work properly, the stationary radar device also must not have worked properly. This argument ignores the applicable standard of review. As noted, I am bound by the circuit court's findings of historical and evidentiary fact unless the findings are contrary to the great weight and clear preponderance of the evidence.
¶ 11 The circuit court found that the officer relied on the stationary radar device and that the device was operable and in mechanically sound condition.[2] Even though Perschke introduced evidence that the integrated video device did not work properly, the circuit court heard testimony indicating that the stationary radar device did work properly. At the first hearing, the officer testified that he relied on the stationary radar device, not the integrated video device, to determine that Perschke's speed was 38 miles per hour. At the later hearing, the officer testified that he was qualified to use the stationary radar device and that he tested the device before and after the stop in question. The circuit court found the officer credible, and it was up to the circuit court to believe or not believe the testimony. In addition, I agree with the circuit court that the evidence that the integrated video device did not work properly did not require a finding that the stationary radar device also did not work.
¶ 12 Accordingly, I conclude that the circuit court's findings were not contrary to the great weight and clear preponderance of the evidence. Based on those findings, I conclude that the officer had reasonable suspicion to stop Perschke because Perschke was violating a traffic law.
CONCLUSION
¶ 13 For the foregoing reasons, I affirm the judgment of conviction.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The circuit court noted that stationary radar units, like the one that Officer Lochowitz relied on, are presumptively accurate. See City of Wauwatosa v. Collett , 99 Wis. 2d 522, 523, 299 N.W.2d 620 (Ct. App. 1980) (prima facie presumption of accuracy applies to stationary radar devices).