COURT OF APPEALS

DECISION

DATED AND FILED

June 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1808**

STATE OF WISCONSIN

Cir. Ct. No. **2023TR3433**

IN COURT OF APPEALS
DISTRICT II

WINNEBAGO COUNTY,

PLAINTIFF-RESPONDENT,

V.

THOMAS J. ROBERTS,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Winnebago County: TERESA S. BASILIERE, Judge. *Affirmed.*

¶1 GUNDRUM, P.J.[1] Thomas J. Roberts appeals from a judgment of conviction for speeding. Following a bench trial at which Roberts represented

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

himself, the circuit court found Roberts guilty. Roberts contends Winnebago County presented insufficient evidence at trial for the court to find him guilty and thus his conviction must be overturned. For the following reasons, we affirm.

*Background*

¶2    A Winnebago County sheriff's deputy cited Roberts for speeding between one and ten miles per hour (mph) over the posted speed limit. The deputy, a twenty-three-year veteran who agreed he is capable of visually estimating vehicle speed "with some precision," testified at trial that he visually estimated Roberts' vehicle as traveling eighty mph in a seventy mph zone. He also testified that the "Laser LT 20/20" device he was using showed Roberts' speed as eighty-two mph. The deputy agreed that the device he used was "in proper working order" and that he was trained on how to use it. The deputy explained the process he uses to ensure the device is in proper working order and indicated he used that process before beginning his shift on the night he cited Roberts.

¶3    On cross-examination, the deputy testified that he did not know how old the device was that he used to clock Roberts' speed. When asked, "Have you known digital devices to be 100 percent accurate at all times," the deputy responded, "This one has." When asked, "[T]he last time [the device] was professionally calibrated, would you be sure of that," the deputy responded, "No, because I don't send out the calibration documentation." The deputy explained the training he had received in "about 2004" on how to properly use the device, adding that such training is "a one-time thing." The deputy testified that he "kn[e]w that [the device] was calibrated correctly," and, again, that he "tested it." When asked if he knew "the repair history of the device," the deputy responded

that he does not "deal with that at all." When asked by Roberts, "[W]hat stood out about my vehicle," the deputy responded, "You were in the far left lane and you were going, from what I could tell, excessively fast, to which you admitted to." When asked, "Do you think it's possible that the car in the middle lane was traveling slowly making me appear to be traveling faster," the deputy responded, "No." The deputy was 905.9 feet away from Roberts' vehicle at the time the speed was measured.

¶4 Roberts also testified, stating, "I can't say the exact speed at which I [was] driving at, but it was not out of the ordinary for anything on Highway 41." He stated, without evidence establishing a foundation, that the device the deputy had been using was "a 20-year-old device that we think was working properly on that day, but it hasn't been checked in over 15 years."

¶5 The circuit court found the defendant guilty of the cited speeding violation, noting that the deputy has "23 years of experience, can visually identify speeding, and there is absolutely no evidence that … the device that he was utilizing to track the speed was in a nonfunctioning order. In fact, it … was even tested before." Roberts appeals.

### Discussion

¶6 "Where the circuit court acts as the trier of fact, as in this case, we will not upset the court's findings unless they are clearly erroneous." *Century Fence Co. v. American Sewer Servs., Inc.*, 2021 WI App 75, ¶8, 399 Wis. 2d 742, 967 N.W.2d 32 (Ct. App. 2021) (citing WIS. STAT. § 805.17(2)). We accept the reasonable inferences drawn by the court, and we search the record for evidence to support its findings. *Global Steel Prods. Corp. v. Ecklund Carriers, Inc.*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶7 Roberts loses this appeal right out of the gate as he fails to identify the standard of review or, critically, develop any legal argument as to how the circuit court may have erred. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'" (first alteration added)); ***Clean Wis., Inc. v. PSC***, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."); *see also **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority).

¶8 Roberts cites an Ohio statute for the proposition that "an officer's visual estimate of speed, alone, is insufficient to support a conviction" and to one case from Wisconsin, ***State v. Hanson***, 85 Wis. 2d 233, 270 N.W.2d 212 (1978), for the proposition that the County failed to establish the accuracy of the laser gun. He fails to develop any legal argument as to either proposition. *See **Riley v. Town of Hamilton***, 153 Wis. 2d 582, 588, 451 N.W.2d 454 (Ct. App. 1989) ("[W]e will not consider propositions which are not specifically argued and are unsupported by citations to legal authority."). Moreover, the Ohio statute is not binding on this court. As to ***Hanson***, that case dealt with speed detection from a moving radar gun. 85 Wis. 2d at 239-40. In the case presently before us, the officer used a laser gun while stationary. *See **City of Wauwatosa v. Collett***, 99 Wis. 2d 522, 523, 299 N.W.2d 620 (Ct. App. 1980) (determining ***Hanson*** criteria do not apply to stationary radar). We see no impact ***Hanson*** would have on the case now before us, and Roberts develops no argument to show us any. We will not abandon our neutrality to develop arguments for him. ***Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶9     Roberts challenges the sufficiency of the evidence to sustain his conviction. At trial, the County's burden was to prove that Roberts was speeding by clear, satisfactory, and convincing evidence. *See* WIS. STAT. § 345.45. Here, the evidence presented by the County at trial supported the circuit court's conclusion that Roberts was speeding.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.